# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1142-CR**

Cir. Ct. No. 2019CF5064

## STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JERRY JAMAR BROWN,

  DEFENDANT-APPELLANT.

---

   APPEAL from a judgment of the circuit court for Milwaukee County: JOHN A. FRANKE, Reserve Judge. *Affirmed*.

   Before White, C.J., Colón, P.J., and Geenen, J.

   **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jerry Jamar Brown appeals from a judgment convicting him of two counts of being a felon in possession of a firearm. Brown argues that the circuit court erred when it denied his motion to suppress evidence obtained pursuant to a warrant to search his home. He asserts that the affidavit in support of the search warrant failed to establish probable cause that contraband would be found. Upon review, we affirm.

## BACKGROUND

¶2 On November 15, 2019, the State charged Brown with two counts of being a felon in possession of a firearm and one count of possession of methamphetamine as a second or subsequent offense. According to the criminal complaint, Milwaukee police executed a search warrant at Brown's residence and found a handgun, a rifle, and pills containing methamphetamine.

¶3 Brown moved to suppress the evidence on the ground that the affidavit in support of the search warrant was insufficient to establish probable cause. Brown argued that the affidavit relied almost entirely on information obtained from a confidential informant whose reliability had not been verified. The State opposed the motion, arguing that the attesting officer confirmed that the informant: successfully conducted multiple controlled buys; aided in the arrest of at least four individuals; aided in the recovery of illegal firearms and narcotics; positively identified Brown through a booking photograph; knew Brown's residence; personally observed Brown conduct drug transactions; and made multiple statements against the informant's own penal interest. Alternatively, the State argued that if the warrant to search Brown's residence was not supported by probable cause, the good-faith exception to the exclusionary rule precluded suppression of the evidence.

2

¶4      The circuit court initially granted Brown's motion, finding that the confidential informant's information was insufficiently corroborated and contained insufficient facts to confirm the informant's reliability. The circuit court also rejected the State's argument as to the good-faith exception to the exclusionary rule.

¶5      The State moved the circuit court to reconsider its decision, reiterating its prior arguments as to the confidential informant's reliability, and, alternatively, requesting an evidentiary hearing to show that police conducted an investigation warranting application of the good-faith exception. The court ultimately granted the State's reconsideration motion, stating that after reviewing additional case law and rereading the attesting officer's affidavit, it agreed that the warrant provided sufficient probable cause to search Brown's residence. Specifically, the court found that the affidavit established that the informant made statements against his own penal interest and engaged in controlled buys that led to multiple arrests, the recovery of firearms and drugs, and the procurement of additional search warrants. The court admitted "that [it] was a mistake … not to find there was a sufficient basis to find that informant reliable."

¶6      Brown ultimately pled guilty to two counts of being a felon in possession of a firearm. The circuit court sentenced Brown to three years of initial confinement and three years of extended supervision on each count, to run concurrently. This appeal follows.

## DISCUSSION

¶7      On appeal, Brown argues that the circuit court erred when it granted the State's reconsideration motion and ultimately denied his motion to suppress. He reiterates that the affidavit supporting the search warrant lacked probable cause to search his residence. We disagree.

¶8      In reviewing a challenge to a search warrant, we give deference to the decision to issue the warrant. *State v. Sloan*, 2007 WI App 146, ¶8, 303 Wis. 2d 438, 736 N.W.2d 189.  Our review is limited to the record as it existed before the reviewing official at the time the warrant was issued. *Id.*  The inquiry before us is whether the reviewing official "was 'apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched.'" *Id.* (citation omitted).  "We will uphold the decision to issue the warrant unless the facts in the supporting affidavit 'were clearly insufficient to support a finding of probable cause.'  In reviewing a probable cause assessment, we examine the totality of the circumstances." *State v. Casarez*, 2008 WI App 166, ¶10, 314 Wis. 2d 661, 762 N.W.2d 385 (citation omitted).

¶9      In examining whether probable cause existed, this court first considers the "veracity" and "basis of knowledge" of persons supplying the hearsay information. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Here, these concerns are satisfied.  The affidavit in support of the warrant stated that the confidential informant had provided the attesting officer with truthful and accurate information in the past.  The informant's knowledge was also based on first-hand observations and personal knowledge about Brown.  Specifically, the affidavit established that the informant previously conducted four controlled buys, leading to the arrest of multiple individuals and the seizure of drugs and illegal firearms.  The affidavit also asserted that the informant had a good "track record," was personally familiar with Brown, and recognized Brown's residence.  The affidavit also stated that the informant personally observed Brown conduct three crack cocaine transactions at Brown's residence over a 14-day period.  In short, the affidavit established the informant's reliability.  Based on the information provided in the affidavit, the judge

who issued the warrant could reasonably infer that Brown was engaged in criminal activity.

¶10    Because we conclude that the search warrant at issue did not lack probable cause, we need not reach the question of whether the good-faith exception to the exclusionary rule applies in this case. *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (stating that "cases should be decided on the narrowest possible ground").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.